## PICKARD *v*. BILLS AND KNAPP.

Void and irregular process—trespass—case—motive—ca. sa.

Irregular process is not void, and persons acting under such are protected; in trespass the motive is not in question.

Where a *ca. sa.* has been issued, the defendant has been discharged, it is ground for satisfying the judgment, but if no satisfaction is entered, and another *ca. sa.* issues and is levied, the defendant may obtain his discharge on motion to the proper court; but if he pay the debt, he cannot bring trespass for the second arrest.

If such second writ were sued out maliciously the remedy is case, not trespass.

TRESPASS and false imprisonment. Plea not guilty, with notice that the arrest and imprisonment was upon executions on two judgments against Pickard, one in favor of Bills and the other in favor of Knapp.

It appeared in evidence that executions had been issued on the judgments upon which the body was arrested, committed, and then discharged by order of the plaintiffs in the execution. That afterwards new executions were issued, the body again taken in execution, committed and detained in prison fifteen days, and until the defendant, now plaintiff, paid the judgments.

*O. Parish*, for the defendants, moved for a non suit, because it appeared by the plaintiff's own showing that the arrest was under legal process.

*Boalt*, contra, cited 5 *John. R.* 354; 4 *Bur. R.* 2083; 1 *T. R.* 557; 3 *Wils. R.* 345; 5 *Petersdf.* 37.

WRIGHT, J. The imprisonment complained of as a trespass, is shown by the plaintiff to have been under color of legal process. The process was not void, in a case where the court had no jurisdiction, if it were, it would be as if none had issued and could not protect the person using it from liability as a trespasser; but there is a great difference between irregular process and void process. We doubt not that the arrest of the body, on the first execution, would, on proper application, have been held a satisfaction of the judgments, but the second writs on like application, might have been

set aside. But the judgment in this case, remains in fact unsatisfied, and a legal execution could be issued. It is supposed that the motive of the defendant in issuing the second executions, is to be inquired into. We think otherwise. On this motion the question is, had the defendant legal process under which the imprisonment was had? not as to the motive which induced the suing out the process. He had the process. We think it was not void, though it might on proper application have been avoided as irregular. Irregular process until set aside, affords protection to those that use it. The imprisonment is no very grievous matter—it compelled the debtor to do what he ought to have done without—pay his debt. He might have avoided that consequence by moving the entry of satisfaction and obtaining his discharge. If this thing has been done maliciously, he should have brought *case*, not trespass.

Non suit ordered.